## RIENZI COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 717.    Decided September 25, 1926.

OBSOLESCENCE RESULTING FROM PROHIBITION.—The Board is unable to compute and allow a deduction based upon the alleged obsolescence of saloon fixtures and equipment when only the cost

of an aggregate of items, some of which continued in use, is furnished and there is no testimony respecting the cost or remaining value of the portion of the property the use of which is continued, or the salvage value of that which ceased to be usable.

*Charles V. Clark, Esq.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the fiscal year ended October 31, 1919, in the amount of $14,097.37.

The petitioner has alleged that the Commissioner erred in refusing to allow the deduction (1) of $43,200, representing the loss of useful value of saloon and beer garden fixtures and equipment, and (2) of $44,722.40, representing the loss or destruction of good will by the passage of the National Prohibition Act. At the hearing of this proceeding the petitioner withdrew the second allegation of error.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation with its principal office at Chicago.

In 1912 it secured the lease of a property to be used as a saloon and beer garden for a term of 25 years and under an agreement that it would make improvements upon the property costing not less than $25,000. It thereupon entered upon said premises and made improvements including the construction of large brick wall ice boxes and beer coolers with a storage capacity for 200 barrels of beer; the installation of toilets; the construction of a tile floor in the barroom and a brick floor in the open air garden about 80 by 100 feet. It decorated the walls with appropriate paintings and it built a veranda and placed awnings. It also installed a large mahogany bar with appropriate fixtures, large arm chairs, etc. The total cost of the improvements and furniture was $60,836. It immediately began to take depreciation on this investment at a rate which would exhaust the total cost over the period of the lease.

When prohibition became effective, there remained 18 years unexpired on the lease and the petitioner charged off on its books on July 1, 1919, $43,200, the entire balance of the investment account, and deducted that amount in the return for its fiscal year ended October 31, 1919.

The operation of the beer garden was a seasonal business and was operated only during the summer months. After July 1, 1919, the petitioner continued doing business on a smaller scale, but it was not

profitable and the place was soon closed.    From February, 1920 until July, 1921, the premises were not used for any purpose.

The petitioner's lease provided that if at any time during its term the lessee did not sell beer made by the lessor, the Independent Brewing Company, the rent would be doubled.    After prohibition became effective and the petitioner could no longer sell beer, the lessor demanded the payment of double rent, so that in May or June, 1920, the petitioner purchased the property in order to minimize further losses.    In July, 1921, the petitioner leased the premises but no consideration was given by the tenant for the saloon equipment. All the beer garden and barroom fixtures were stored in the basement and have since remained there.    The new tenant opened a cabaret, and the premises had to be refitted by repainting, placing carpets on the floors and by putting in small tables and chairs.    No use was made of the large beer cellars.    There was no market for the beer garden and barroom fixtures and the petitioner has never realized anything on them.

OPINION.

TRUSSELL: In the *Appeal of Hagemeister Food Products Co.*, 2 B. T. A. 21, the Board found itself unable to allow a deduction based upon the obsolescence of saloon equipment where neither the cost nor the March 1, 1913, value of such properties was furnished. In the instant case the petitioner has gone one step further and has established the cost of an aggregate of many items of improvements upon leased premises, furniture, and other fittings, appropriate to the operation of a saloon and beer garden.    It appears from the testimony that some portions at least of the improvements and equipment continued usable and have been used since the business for which they were installed was discontinued.    The record, however, is silent as to the continuing value of such articles as were continued in use as well as of the salvage value of those articles which ceased to be usable.    Under such conditions the Board can not determine what, if any, was the amount of the actual loss sustained.

In adjusting the petitioner's tax liability for the year ended October 31, 1919, it should be allowed a deduction for depreciation of the properties here under consideration in the amount of one twenty-fifth of their cost.    In other respects the determination of the Commissioner must be approved.

*Order of redetermination will be entered on
15 days' notice, under Rule 50.*